# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 11-2013-LRR |
| vs. | **ORDER** |
| JAMES LEE BIXBY, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant James Lee Bixby's "Motion to Dismiss" ("Motion") (docket no. 21).

## *II. RELEVANT PRIOR PROCEEDINGS*

On February 15, 2011, a grand jury returned a one-count Indictment (docket no. 2), which charged Defendant with being a Felon in Possession of Firearm as an Armed Career Criminal, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). On May 6, 2011, Defendant filed the Motion. On that same date, Defendant entered a conditional plea of guilty. On May 13, 2011, the government filed a Resistance (docket no. 25).

## *III. ANALYSIS*

In the Motion, Defendant asks the court to dismiss the Indictment because it violates the Double Jeopardy Clause of the Fifth Amendment of the Constitution. Defendant concedes that, pursuant to the dual sovereignty doctrine, double jeopardy does not bar prosecution in both state and federal court. However, Defendant argues that the exception recognized in *Bartkus v. Illinois*, 359 U.S. 121 (1959), applies, and that the "[s]tate plea, sentence and prosecution as a whole was but a federal prosecution," thereby violating the Double Jeopardy Clause. Motion at 2.

The Fifth Amendment provides that "No person . . . shall be subject for the same offen[s]e to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Successive prosecutions are barred by the Fifth Amendment only if the two offenses for which the defendant is prosecuted are the 'same' for double jeopardy purposes." *Heath v. Alabama*, 474 U.S. 82, 87 (1985). However, the same acts may constitute an offense against the laws of both national and state sovereignties and may be punished by each. *United States v. Lanza*, 260 U.S. 377, 382 (1922). Specifically, the dual sovereignty doctrine allows the federal government to prosecute a defendant after a state prosecution. *United States v. Johnson*, 169 F.3d 1092, 1095-96 (8th Cir. 1999) (citing *Abbate v. United States*, 359 U.S. 187, 192 (1959)).

An exception to the dual sovereignty doctrine may arise if the state prosecution was merely "a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." *Bartkus*, 359 U.S. at 124. However, the Eighth Circuit Court of Appeals has "never explicitly held that the *Bartkus* exception applies to subsequent federal prosecutions," and has implied that it would not be available to defendants who were first prosecuted in state court, and subsequently subjected to federal prosecution. *United States v. Leathers*, 354 F.3d 955, 960 (8th Cir. 2004); *see also United States v. Vinson*, 414 F.3d 924, 929 (8th Cir. 2005) (finding that the exception provided "no basis for relief" because defendant "was the subject of a subsequent federal, not state, prosecution").

The State of Iowa and the United States are separate sovereigns for the purposes of double jeopardy. Accordingly, the subsequent prosecution by the United States does not violate the Constitution unless the *Bartkus* exception applies. Here, the order of prosecutions—with state preceding federal—suggests that the *Bartkus* exception will not be available to Defendant, thereby making the federal prosecution constitutional.

Even assuming that the *Bartkus* exception could extend to a subsequent federal prosecution, Defendant has failed to offer evidence establishing that the state prosecution was a sham and cover. While Defendant "believes documentation will show that

2

arrangements, deals and discussions occurred whereas to create a violation of double jeopardy," Motion at 2, he provides no support for this assertion.

Defendant states that the United States relied on his plea and sentence as the basis for the federal Indictment, but the Eighth Circuit Court of Appeals has determined that a guilty plea in state court in itself is not sufficient proof that the federal prosecution was a sham or cover. *See United States v. Garner*, 32 F.3d 1305, 1310-11 (8th Cir. 1994); *see also United States v. Williams*, 104 F.3d 213, 216 (8th Cir. 1997). Instead, the proper inquiry is whether there is evidence of manipulation or improper influence by either the state or federal authorities. *Leathers*, 354 F.3d at 960-61. In other words, "[w]hen a defendant claims that federal and state officials are not acting as dual sovereigns, he has a substantial burden of proving one sovereign is so dominated by the actions of the other that the former is not acting of its own volition." *United States v. Raymer*, 941 F.2d 1031, 1037 (10th Cir. 1991) (citing *United States v. Liddy*, 542 F.2d 76, 79 (D.C. Cir. 1976)). Defendant supplies no evidence of any such behavior.

The interaction between state and federal officials provides no indication of unlawful collusion such that the subsequent prosecution is a sham or cover. Jackson County Attorney Chris Raker states that Assistant United States Attorney Robert Teig contacted him after Defendant entered a guilty plea in state court. *See* Affidavit (docket no. 25-4) at 1. Raker states that Teig requested transcripts from the plea hearings and sentencing. *See id*. Both the Supreme Court and the Eight Circuit Court of Appeals have approved the practice of cooperation between state and federal officials. *See Williams*, 104 F.3d at 216. Defendant provides no evidence that the relationship between the state government and the federal government extended beyond the document request, which demonstrates a level of cooperation that falls far short of the domination envisioned by the *Bartkus* exception. Accordingly, the federal prosecution falls within the dual sovereignty doctrine and the court shall deny the Motion.

## *IV. CONCLUSION*

For the foregoing reasons, the Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of June, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA